THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


August 30, 1976

The Honorable Kenneth H. Ashworth            Opinion No. H-871
Commissioner
Coordinating Board                           Re: Whether teaching
Texas College & University System            assistants are required
Austin, Texas    78711                       to be members of the
                                             Teacher Retirement
                                             System.

Dear Commissioner Ashworth:

You have asked us:

> Under the Teacher Retirement System of
> the Texas Education Code are teaching
> assistants that are classified as part-
> time employees of a university required
> to be members of the Teacher Retirement
> System?

We begin by noting that the Texas Education Code provides:

> Every person who may be employed as
> a teacher or auxiliary employee in any
> public school or other branch or unit
> of the public school system of this
> state shall become a member of the
> teacher retirement system as a condition
> of his employment. Section 3.03(b).
> (Emphasis added).

"Teacher" is defined as:

> any person employed to render teaching
> service on a full-time, regular salary
> basis by the governing board of any
> school district created under the laws

> of this state, by any county school
> board, by the State Board of Trustees of
> the Retirement System, by the State Board
> of Education, by the Central Education
> Agency, by the board of regents of any
> college or university, or by any other
> legally constituted board or agency of any
> public school. Section 3.02(a)(3).
> (Emphasis added).

"Auxiliary employee" is defined as:

> a person other than a 'teacher' employed
> on a full-time, regular salary basis by
> the boards or agencies listed in Sub-
> section (a)(3) of this section. Section
> 3.02(a)(5). (Emphasis added).

The "full-time" requirement would seemingly exclude part-time teaching assistants, as well as bus drivers, cafeteria workers and similar employees from either of the above definitions, except that since 1961 the Board of Trustees of the System has applied an administrative regulation which provides:

> Employment by public, state-supported
> educational institutions in Texas for
> one-half or more of the standard work
> load at a rate comparable to the rate
> for other persons employed in similar
> positions is defined as regular, full-
> time service eligible for membership.
> Rules & Regulations of the Board of
> Trustees, Teacher Retirement System of
> Texas, section 334.03.01.001. (Emphasis
> added).

It is urged by some that this administrative definition of "regular, full-time service" is at variance with the intended meaning of the statutory phrase, "full-time, regular salary basis," and should be disregarded. See Brown Express, Inc. v. Railroad Commission, 415 S.W.2d 394, 397 (Tex. Sup. 1967).

The rule adopted by the Board of Trustees in 1961 replaced one in effect since 1937 which authorized membership for any person whose public school salary constituted 50% or more of all current salary earned.  The various educational institutions in the state have a substantial degree of autonomy in determining standard workloads for both teachers and other employees.  The workload varies among the different types of work -- for example, that of a college teacher is generally measured by the number of "hours" taught, and that of a bus driver by the route he drives.  A cafeteria employee is paid according to the number of clock hours worked --which will often be less than the hours required for a school office secretary.

The Texas Education Code sections dealing with the Teacher Retirement System were adopted in 1969, after the Board's definition had been implemented for a number of years and after many persons had become members of the System pursuant to its terms.  Section 3.03(a) of the Code specifies that "All persons who on the effective date of this code were members of the Teacher Retirement System of Texas shall continue as members subject to the provisions of this chapter. . . ."  Section 3.02(b) of the Code provides that "[i]n case of doubt the State Board of Trustees of the retirement system shall determine whether a person is a 'teacher' or 'auxiliary employee' within the contemplation of [Chapter 3]."  Section 3.59(i) of the Code states: "Subject to the provisions in this chapter, the State Board of Trustees shall, from time to time, establish rules and regulations for membership eligibility. . . ."

We cannot say that the definition of "full-time, regular salary basis" which the Board of Trustees has administratively supplied and followed for many years in the absence of legislative objection is so unreasonable and arbitrary that Texas courts would disregard it.  During the past fifteen years, the Legislature has declined to alter the rule so that it would exclude teaching assistants and other employees who work substantially less than 40 hours per week.  In that period of time, persons have accumulated credit in the System and in some cases have received benefits attributable to service as teaching assistants, cafeteria workers, secretaries, etc.  Eight years after the rule became effective, the Legislature specifically indicated that persons who were presently members of the Teacher Retirement System

would continue their membership notwithstanding codification of the retirement statutes.  While we would not have constructed the rule in this manner, we do not believe we can do in the opinion process what the Legislature and Teacher Retirement System have declined to do.  This determination is in keeping with the rule that such laws should be liberally interpreted to provide security for members and to encourage qualified persons to become and remain teachers in public education.  See Woods v. Reilly, 218 S.W.2d 437 (Tex. Sup. 1949); Teacher Retirement System v. Duckworth, 260 S.W.2d 632 (Tex. Civ. App. -- Fort Worth 1953), aff'd 264 S.W.2d 98 (Tex. Sup. 1954).

### S U M M A R Y

Teaching assistants at public universities are required to be members of the Teacher Retirement System of Texas if they are employed on a "full-time, regular salary basis" as that term has been defined by the Board of Trustees of the Teacher Retirement System of Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb